**THOMAS, In re.**
**LAUREY, In re.**
**SONGER, In re.**

Probate Court, Hamilton County.

Nos. C-9539, C-9438, C-9545. Decided January 6, 1954.

344

C. Watson Hover, Pros. Atty., William J. Schmid, Asst. Pros. Atty., Cincinnati, for relators.

C. William O'Neill, Atty. Genl., Kiehner Johnson, Larry Snyder, Asst. Attys. Genl., Columbus, for Dr. E. A. Baber, superintendent of Longview State Hospital, respondent.

James L. Magrish, Cincinnati, for chairman of committee on Judiciary Legal Forms of Cincinnati Bar Association, **amicus curiae.**

Paul W. Steer, Cincinnati, for Probate Court Committee of Cincinnati Bar Association, **amicus curiae.**

Alan R. Vogeler, Cincinnati, for Lawyers Club, **amicus curiae.**

## OPINION

By HOY, J.

This cause is before the court on an order requiring Dr. E. A. Baber as superintendent of Longview State Hospital for the Insane to show cause as to why he should not be held in contempt.

It appears that on November 17, 1953, this court, pursuant to the provisions of §5123.23 R. C., found that Minnie Thomas, Albert Laurey and George W. Songer, all of the age of more than seventy years, were mentally ill and in need of specialized care and treatment and committed them to Longview State Hospital for the Insane. No consent to accept these persons was given by the hospital as provided by a part of paragraph "F" of said section. Dr. Baber, superintendent of the hospital, has refused to accept these patients, and, upon being required to show cause as to why he should not be held in contempt for such refusal, defends solely upon the ground that under the provisions of **paragraph "F"** of §5123.23 R. C. the court was without power to commit them without first obtaining the consent of the institution.

Sec. 5123.23 R. C. reads as follows:

"On the day set for hearing the probate judge shall, without the intervention of a jury, proceed to examine the witness in attendance, and further witnesses that such judge desires to call. He shall cause an examination of such person to be made by at least one physician and a report of such examination to be made a part of the court record. Upon the hearing of the testimony, which hearing may be had at any place

within the county, as the probate judge designates, and after receiving the report of the physician, if such judge is satisfied that the person charged is mentally ill and in need of specialized care and treatment, he may by order duly entered proceed as follows:

"(A) Commit such person to the proper receiving hospital or state hospital for the mentally ill for treatment;

"(B) Commit such person to the department of public welfare and deliver him to the facility provided by the department for persons described in §5125.04 R. C.;

"(C) Commit such person to the veterans administration or other agency of the United States government, as provided by §5905.02 R. C.;

"(D) Order that such person be placed in a private hospital, home, or institution, licensed and approved by the division of mental hygiene, at the expense of such person or at county expense, until further order of the probate judge;

"(E) Remand such person to the custody of a relative, friend, or other suitable person until further order of the probate judge;

"(F) Order such person placed in the county home or other place provided by the board of county commissioners until further order of the probate judge;

"If the court finds such person not to be mentally ill and not in need of specialized care and treatment it shall order his discharge forthwith.

"No such person 70 years of age or over shall be committed under division (A) and no such person shall be committed under division (C), placed under divisions (D) or (F), or remanded under division (E) until after consent to accept such person is received from the designated institution, hospital, clinic, or suitable person.

"The medical witnesses provided by this section and §5123.24 R. C. must be registered physicians in Ohio and must have had at least three years' experience in the practice of medicine."

Obviously, the court cannot hold Dr. Baber in contempt for refusing to admit these patients unless it also holds that the portion of the statute requiring the consent of the hospital as a condition precedent to the court's power to commit mentally ill persons of the age of seventy years is unconstitutional and void.

It is contended on behalf of Dr. Baber that the court is without power to determine the constitutionality of the statute in this proceeding because it has no personal interest which would require it to prevent and rule on the question **sua sponte.** With this contention the court can agree only partially. We

recognize the rule that one who is not affected or prejudiced by the enforcement of a legislative enactment may not question its constitutionality, but the court has a clearly recognized right to determine its own jurisdiction in any proceedings. If, therefore, the consent provision of the statute is an encroachment upon the jurisdiction of the court, the question of its constitutionality may be presented and determined by the court sua sponte. On the other hand, if such provision is not an encroachment upon the court's jurisdiction, the question of whether it is unconstitutional by reason of making an arbitrary classification cannot be raised and decided by the court sua sponte because the court, not being the party discriminated against, has no personal interest in how the question might be determined. It is necessary. therefore, to determine whether the statute in question encroaches upon the jurisdiction of the court.

At the threshhold of our consideration of this question we are confronted with the well established canon of construction that every reasonable presumption must be indulged in favor of the constitutionality of a statute. This presumption is founded upon the doctrine which forbids one branch of the government from encroaching upon the duties and prerogative of another and it has been repeatedly held in Ohio that a clear incompatibility between a law and the constitution must exist before the judiciary is justified in holding the law unconstitutional. (See **8 O. Jur., page 162** and cases cited.)

The Probate Court is established by **Section 7, Article IV of the Ohio Constitution** and its constitutional jurisdiction is set forth in Section 8 of said Article in the following language:

"The Probate Court shall have jurisdiction in probate and testamentary matters, the appointment of administrators and guardians, the settlement of the accounts of executors, administrators, and guardians, and such jurisdiction in habeas corpus, the issuing of marriage licenses and for the sale of land by executors, administrators, and guardians, and such other jurisdiction, in any county or counties, as may be provided by law."

Clearly, the Probate Court has no constitutional jurisdiction in mental health matters. Its jurisdiction in such matters depends entirely on legislative enactment and the legislature, therefore, has full power to declare and define such jurisdiction. **(Schario v. State, 105 Oh St 535.)** It would seem to be within the province of the legislature, if it chose, to withdraw such jurisdiction entirely from the Probate Court. The consent requirement of **paragraph "F"** of **§5123.23 R. C.** is merely a limitation upon the jurisdiction of the court in a field over

348

which the legislature has complete control. It provides, in effect, that in certain cases the court shall have no power to commit mentally ill patients. Surely if the legislature is empowered to divest the court of all jurisdiction in mental health matters, it also has the power to limit such jurisdiction.

It is true, of course, that when the legislature invests a court with general jurisdiction over a particular class of case, it also gives the court implied or inherent power to enforce its lawful orders and may not impede the court in enforcing such orders.

A number of cases, including that of **State, ex rel. Venn v. Baber,** decided by Judge Stanley Struble of the Common Pleas Court of this county and reported in **26 O. O. 446,** have been cited in support of the proposition that §5123.23 **R. C.** is unconstitutional for the reason that it invades the court's implied or inherent power to enforce its lawful orders or impedes the court in enforcing such orders. However, in the Venn case the court was construing **§1890-37 GC** (effective January 1, 1938 and since repealed) which **gave the court power to commit any person found to be insane** but also vested discretion in the hospital superintendent as to whether the patient would be received. The court very properly held that the legislature may not vest judicial power in a court and also abridge that power by permitting the superintendent of a state institution to nullify the court's exercise thereof. In the statute under consideration, however, the court is not given jurisdiction to make an order which a non-judicial officer may nullify. The court is simply **divested of its power to commit** under certain circumstances. The reasoning of the court in the Venn case and the other cases cited on this point is, therefore, not applicable and we conclude that the legislation is not unconstitutional by reason of any encroachment upon the constitutional or inherent or implied jurisdiction of the court.

It has been suggested that **§5123.23 R. C.** is unconstitutional by reason of conflict with the universal rule that the legislature may not confer judicial powers upon non-judicial officers and the case of Denver v. Lynch, 92 Colorado 102, has been cited as authority for this contention. In the Denver case, however, the statute under consideration gave judicial powers to the court and the Board of County Commissioners jointly and was, of course, held to be unconstitutional because of its grant of judicial power to a non-judicial tribunal. The statute under consideration in this case, however, does not permit the hospital to determine any question judicially. It merely makes the consent of the hospital a condition precedent to the power of the court to commit in certain cases and cannot be held unconstitutional upon that basis.

It is contended in support of the contempt charges that in committing the mentally ill patients, the court was, in effect, declaring the consent provision of the statute unconstitutional and that disobedience of a court order, even though it be a clearly erroneous order, is contempt. With this argument we cannot agree. Suppose that a Justice of the Peace should attempt to sentence a person charged with a crime to the Ohio Penitentiary. Could it be said that the court was, in effect, passing upon the constitutionality of the law which limits his jurisdiction in criminal cases and would the warden of the Penitentiary be guilty of contempt for refusal to accept custody of the prisoner? Clearly not. It is quite true that disobedience of an order made by a court **within its jurisdiction and power** is contempt even though the order be clearly erroneous. It is equally true, however, that the order of a court which exceeds the jurisdiction and power of the court has no validity and the violation of such an order is not contempt.

It is indeed unfortunate that while the legislature has decreed to the state the exclusive care, custody, control and treatment of all mentally ill persons, the end result of the consent provision contained in §5123.23 **R. C.**, as shown by the records of this court, is to afford hospitalization to some and incarceration in the county jail to others purely at the whim of the hospital, and if this were a mandamus action brought against the hospital on behalf of one of the mentally ill persons refused admission, the question of whether the classification made by the statute is reasonable or arbitrary and whether it affords the equal protection and benefit guaranteed by the Constitution might be pertinent. In such case the court would be concerned with the constitutional rights of an individual under the law. This case, however, is an **ex parte** proceeding in which we are determining the guilt or innocence of Dr. Baber of charges of contempt brought by the court itself and the rights of the mentally ill persons in question are not being decided. It is true that a statute which is unconstitutional for any reason at all is as inoperative as if it had never been passed and affords protection to no one but, unless the statute encroaches upon the court's jurisdiction, the court, having no legally recognizable personal interest in the question of constitutionality, is not permitted to raise and pass upon it **sua sponte.**

For these reasons the court finds Dr. Baber not guilty of contempt.